UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**WANDA SAVAGE,**                   )
                                    )
       **Plaintiff,**              )
                                    )
       v.                          )    Civil Action No.: 1:15-CV-00791-CRC
                                    )    ECF
**ERIC D. HARGAN., Sec'y**          )
**Dep' t of Health and Human Services,** )
                                    )
       **Defendant.**             )
_____ )

**DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT *NUNC PRO TUNC*
AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

       Pursuant to LCvR 7(e), the undersigned counsel, on behalf of Eric D. Hargan, in his official capacity as Acting Secretary of the Department of Health and Human Services ("Defendant"), hereby respectfully move for leave to exceed the page limit *nunc pro tunc* and hereby oppose Plaintiff's Motion to Strike.  Defendant inadvertently exceeded the page limit and in fact was constrained to do so in order to "prebut" Plaintiff's many factual allegations, most of which are not material to the disposition of this action.  Defendant regrets having not sought leave sooner and begs the Court's indulgence.  Pursuant to LCvR 7(m), the undersigned conferred with Plaintiff's Counsel who did NOT consent to this request.

       As the Court will recall, Plaintiff commenced this action by filing a "sprawling" 15-count, 47-page complaint.  Dkt. No. 60 at 1-2.  Subsequently, Plaintiff filed a 22-page amended complaint.  Dkt. No. 70.  In responding to these claims, Defendant inadvertently filed a 50-page memorandum – five (5) pages longer than allowed by the Local Rules.  The Court has discretion to allow Defendant to cure this defect brought about for the most part by the need to respond to Plaintiff's many factual allegations by granting this motion *nun pro tunc*.  Local Rule 7.1(e)

1

provides that the moving party's memorandum is limited to forty-five pages. Courts recognize that complex issues of fact and law as a reason to grant parties' motions to exceed the Forty-Five Page limit. *Atkins v. Fischer*, 2001 U.S. Dist. Lexis 25277 *3, n2 (D. D.C. 2001); *BCCI Holdings (Luxembourg) v. Bin Mahfouz*, 1993 U.S. Dist. Lexis 1614 *2 (D. D.C. 1993) (allowing a 55 page memorandum); *Ramey v. United States Marshals Serv*., 755 F.Supp.2d 88, 91 n1 (D. D.C. 2010) (considering a "non-conforming" document in its summary judgment adjudication). In light of the above, Defendant respectfully requests that the Court exercise its discretion to permit Defendant's memorandum in support of its summary judgment motion *nun pro tunc*.

Plaintiff sought to have Defendant's memorandum stricken in light of the above. If the Court is inclined to grant, Defendant's motion, Plaintiff's motion should be denied. Plaintiff's motion should also be denied because Plaintiff's Counsel failed to comply with LCvR 7(m) before filing his motion. That alone, is ample grounds for the motion to strike to be denied in its entirety. When the undersigned brought it to Plaintiff's counsel's attention that he had not conferred prior to filing contrary to the Local Rule, Plaintiff's Counsel stated incorrectly that the undersigned had filed motions without conferring with him. Even if this "tit-for-tat" rationale were true, that would not excuse, Plaintiff's counsel from curing his defective filing, which he has not done until this day. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc*., 235 F.R.D. 521, 529 (D. D.C. 2006) (denying defendants' motion to compel for failure "to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive motion" under both the Federal Rules and Local Civil Rule 7(m)); *see also Equal Rights Ctr. v. Post Properties, Inc*., 246 F.R.D. 29, 31 (D.D.C. 2007) (noting that "[f]ailure to comply with the duty to confer requirement . . . is grounds for dismissing a motion to compel.")

Moreover, a "motion to strike is considered an exceptional remedy and is generally disfavored," *LaRouche v. Dep't of the Treasury*, 2000 U.S. Dist. Lexis 5078 at *40 (D. D.C. Mar. 31, 2000) (citing Moore's at § 12.37[1]), and the proponent of such a motion must shoulder a "formidable burden." *Judicial Watch, Inc. v. Dep't of Commerce*, 224 F.R.D. 261, 264 (D. D.C. 2004). Plaintiff has not carried the burden to confer with opposing counsel let alone the heavy burden that motions to strike require.

Regarding Plaintiff's requests pertaining to affidavits, Dolinsky Affidavit is essentially two-fold: (1) the circumstances of his being permitted to work from Chicago, Dolinsky Aff. ¶2; and (2) to introduce his administrative hearing testimony regarding the circumstances surrounding the reassignment of Tiffany Mulvihill. *Id*. ¶3, Exh. 1. With respect to the first of these, the information provided by Dolinsky is -- for all intents and purposes -- cumulative to that produced in discovery, as Petillo testified directly as to these facts in his May 8, 2017 deposition. *See* Petillo Dep. Tr. at 110-11. Likewise, to the extent the issue was whether Dolinsky was on an alternative work schedule (AWS) at the time, this is also information that was cumulative to evidence produced in discovery, in the form of Petillo's administrative affidavit in the Report of Investigation in HHS-OS-0024-2011, said information found at Bates No. 23-000659. As for the information in Dolinsky's affidavit relating to Mulvihill's transfer, this too was cumulative to Petillo's testimony in deposition. Petillo Dep. Tr. at 104-06. Put simply, neither Dolinsky's affidavit nor the attached exhibit added anything more than what was already in the record.

The affidavit provided by Michelle Ruddy was limited to a single issue: whether Javier Lopez was paid for any overtime worked, per Plaintiff's Equal Pay Act claim. The Court had explicitly held open this one isolated issue under Plaintiff's EPA count. Memorandum Op. at 17-

18. Defendant acknowledges that it did have the information contained in Ms. Ruddy's declaration prior to the filing of its summary judgment motion; however, Defendant's failure to provide this information in response to Plaintiff's Interrogatory No. 3 was not a discovery violation. Specifically, that Interrogatory sought "all evidence, including documents, and/or statements not in the Report of Investigation upon which you intend to rely, or submit at hearing."

Put simply, Defendant would not "rely upon" or "submit" Ms. Ruddy's testimony at any trial or hearing for a simple reason: in order to make out her EPA claim, Plaintiff bears the burden of demonstrating that Lopez was, in fact, paid overtime. Notwithstanding this, and the Court's express invitation to take discovery on this issue, Mem. Op. at 18, Plaintiff never did so. As such, and given that Ms. Ruddy's testimony effectively proves a negative (i.e., that Lopez had indeed not been paid any overtime), Defendant would have no reason to rely upon such testimony or submit it at hearing. Consequently, it cannot in any reasonable sense be said to have violated Rule 26(e) by failing to have provided this information to Plaintiff earlier.

Dr. Presant's declaration consists solely of a description of FOH's process for seeking the medical information necessary to conduct its reviews. Presant Decl. Although the specific statement of Dr. Presant may not have been provided to Plaintiff prior to the submission of the summary judgment motion, the process described by Dr. Presant is fully manifested in the extensive FOH documentation of Plaintiff's matters provided in discovery (*see* Def. Response to Plaintiff's Document Request No. 25). As such, Dr. Presant's declaration is -- for all intents and purposes -- cumulative to the more detailed documentation produced by the Agency in discovery.

The declaration of Defendant's OWCP liaison Joyce Cooper focuses squarely upon the issue of whether the medical information provided to OWCP is shared with Defendant's RA specialists, absent an express authorization from the employee in question. *See* Cooper Decl. ¶3, and whether Cooper shared such information without authorization. *Id*. ¶4. This affidavit is likewise cumulative to information plainly provided to Plaintiff in discovery.

Specifically, in response to a number of Plaintiff's Requests for the Production of Documents (seeking mostly documentation relating to Plaintiff's workers compensation filings), Defendant specifically objected to these requests based upon the very records retention policy to which Cooper was referring in her declaration (i.e., Privacy Act Systems - DOL/GOVT-1), and provided Plaintiff's counsel with a copy of the records retention notice. *See* Def. Resp. to Pl. Requests for Documents, Requests Nos. 2, 5, 7, 8, 9; Privacy Act Systems-DOL/GOVT-1). As such, Plaintiff cannot in any reasonable fashion state that Defendant failed to provide her with the information referenced in Cooper's declaration.

To the extent Plaintiff is seeking to claim that Cooper's declaration testimony that she did not burden to prove that Defendant's employees violated the terms of the Privacy Act Systems notice, and Defendant would have no reason to rely upon or submit Cooper's testimony on this point absent some affirmative evidence from Plaintiff that information in the workers compensation file was shared with Plaintiff's supervisors or Defendant's EEO staff without specific authorization. As such, for the same reasons expressed in response to the declaration of Michelle Ruddy, Defendant's failure to previously disclose Cooper's affidavit did not violate Rule 26(e).

The declaration submitted by Christine Smith focuses primarily on verifying the authentication of the reasonable accommodation files submitted by Defendant in discovery, *see* Smith Decl. ¶¶2-4, the prohibition on the sharing of workers compensation records with the reasonable accommodations staff, absent specific authorization, *id*. ¶5, her advice to Plaintiff to hold off on installing her adaptive equipment until her office space issues were resolved, *id*. ¶6, her observations of Plaintiff's office space, *id*. ¶7, and the limits on Defendant's EEO office to affect changes to public bathrooms in GSA buildings such as Switzer.  *Id*. ¶8.

The information contained in paragraph 5 of Smith's declaration, as with the information in Cooper's declaration, is largely cumulative to that provided by Defendant in discovery, particularly in its objections to Plaintiff's requests regarding workers compensation records, and the Defendant's resultant furnishing to Plaintiff's counsel of the Privacy Act Systems DOL/GOVT-1, which specifically set forth the limitations on disclosure.  The information contained in paragraph 6 is essentially confirmatory of information already in the record, evidenced by Plaintiff's May 2, 2011 (10:16am) e-mail to Blythe (and copied to Petillo, Bridges, and Smith), that was produced in discovery through Plaintiff's reasonable accommodation files, *see* Bates No. 25-000670 through 25-000671, and as such does not constitute a failure to disclose.  Likewise, the information contained in paragraph 8 is simply confirmatory of the actions she took in this case (evidenced by documents submitted in discovery through Plaintiff's reasonable accommodation files, see, e.g., Bates No. 25-000546 and 25-000547), and cumulative to that provided through the declaration of Edward Busse III, to which Plaintiff has not objected. *See* Busse Decl. ¶2.

For the reasons above, all of the information Defendant allegedly failed to disclose was either (1) authenticative only, (2) actually provided in discovery, or (3) cumulative to other information provided in discovery. As such, Defendant's has not failed to comply with its obligations under Rule 26(e).

The declaration submitted by Green addressed two key points: (1) the state of affairs in the MA Division prior to her securing a reassignment, *see* Green Decl. ¶¶2-4; and (2) the process by which Green obtained the reassignment, and more specifically, that Petillo did not play a role in that reassignment. *See id*. ¶5. The information on the first of these points was fully spelled out in documents produced by Defendant in discovery -- specifically, through Green's affidavit in the Report of Investigation in the first of Plaintiff's EEO complaints. *See* Bates Nos. 23-000294 through 23-000305. Consequently, Plaintiff's claim that Defendant violated Rule 26(e) on this point is simply erroneous.

As for the second of these points, Defendant did not necessarily intend to use evidence regarding Ms. Green's transfer until Agency counsel had the opportunity to review Petillo's deposition transcript in early June 2017 (Agency counsel was out of the country for the last week of May and the first week of June), and realized that the record contained little reference to her reassignment. At that point, it took some time for the Agency counsel to get a response from Ms. Green reached out to Ms. Green and obtained the information from Ms. Green, preparing the declaration by July 25, which was then produced to Plaintiff on August 1, 2017.

For the foregoing reasons, the Court should grant Defendant's motion for leave *nun pro tunc* and deny Plaintiff's motion to strike.

\\
\\

December 11, 2017                             Respectfully submitted,

                                                             JESSIE K. LIU, D.C. Bar No. 472845
                                                             United States Attorney
                                                             for the District of Columbia

                                                             DANIEL F. VAN HORN, D.C. Bar # 924092
                                                            Civil Chief

                                                             By:            /s/
                                                             KENNETH ADEBONOJO
                                                            Assistant United States Attorney
                                                            Judiciary Center Building
                                                            555 4th Street, N.W. B Civil Division
                                                            Washington, D.C. 20530
                                                            (202) 252-2562

                                                            Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WANDA SAVAGE** | ) | |
| | ) | |
| **Plaintiff** | ) | Civil Action No. 15-0791 (CRC) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| **ERIC D. HARGAN., Sec'y, Dep't of Health and Human Services** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **[PROPOSED] ORDER**

After considering this motion, the record herein, and applicable law,

it is this _____ day of _____, 201_, hereby

**ORDERED**, that the Defendant's motion is hereby GRANTED and it is

**FURTHER ORDERED**, that leave is granted to the Defendant *nun pro tunc* to file a memorandum in support of its Motion for Summary Judgment not to exceed 50 pages.

**FURTHER ORDERED**, that Plaintiff's motion to strike is denied in its entirety.

					_____
					HON. CHRISTOPER C. COOPER, U.S.D.J.

## **CERTIFICATE OF SERVICE**

I certify that I caused copies of the foregoing Defendant's Motion and Opposition to be served on Plaintiff's counsel via ECF.

>                          /s/
> KENNETH ADEBONOJO