**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WANDA SAVAGE**, <br><br> Plaintiff, <br><br> v. <br><br> **ALEX AZAR, Secretary, U.S. Department of Health and Human Services**, <br><br> Defendant. | Case No. 15-cv-00791 (CRC) |

**OPINION AND ORDER**

Plaintiff Wanda Savage brought this lawsuit claiming that, during her tenure at the U.S. Department of Health and Human Services, the Department took a host of discriminatory and retaliatory actions against her based on her race, sex, and disability status; that it retaliated against her for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"); and that it failed to reasonably accommodate her disability. This Court in March 2018 granted summary judgment in favor of the Department on several of these claims. But it denied summary judgment on Savage's claims that (1) the Department's refusal to transfer her out of her position was unlawful discrimination on the basis of race or sex in violation of Title VII; and (2) that the Department's refusal to transfer her, its selection of another employee for an open supervisory position, its grant of lower performance evaluations, and its subsequent transfer of Savage out of the division were unlawful retaliation in violation of Title VII or the Rehabilitation Act.

Trial on those claims is set to begin next week. Pending before the Court are two pretrial motions filed by the Department. One is a motion to dismiss (or, in the alternative, for judgment on the pleadings) contending that Savage did not properly exhaust her administrative remedies

before filing suit. The other is a motion in limine seeking to exclude the testimony of William Porter, another employee at the Department whose tenure overlapped with Savage's and who claims that he was the subject of a similar unlawful employment action. The Court will address these motions in turn and, in the end, will deny both.

  ***1. Motion to dismiss or for judgment on the pleadings.*** Just days before the Court's pretrial conference—four years after this suit was filed and over a year after discovery closed—the Department filed a motion contending that several of Savage's claims must be dismissed because she failed to properly exhaust her administrative remedies. Specifically, the Department argues that she did not timely present her grievances to one of the Department's Equal Employment Opportunity ("EEO") counselors. See 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.").

  A plaintiff's failure to exhaust her administrative remedies is an affirmative defense to an action under Title VII. See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). Because exhausting one's administrative remedies is not a jurisdictional prerequisite to suit, however, a defendant's failure to raise the defense can result in waiver. See id.; see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). In the Court's view, the Department has waived the defense by not raising it on summary judgment and instead by raising it on the eve of trial. That is enough to warrant denial of the Department's motion.

  But wait, says the Department: Rule 12 expressly provides that the defense of "[f]ailure to state a claim upon which can be granted" can be raised by a motion for judgment on the pleadings or at trial, Fed. R. Civ. P. 12(h)(2), even if the defendant failed to raise it at an earlier

2

opportunity, Fed. R. Civ. P. 12(g)(2). And courts treat the failure to exhaust administrative remedies as a species of failure to state a claim. See, e.g., Laughlin v. Holder, 923 F.Supp.2d 204, 208 (D.D.C. 2013). So, the Department contends, the Court is forbidden from treating the defense as waived.

The problem for the Department is that while failure to exhaust *can* be a ground for dismissal for failure to state a claim—and thus properly raised on a motion under Rule 12(c)—that is true only when the defendant does not rely on materials outside the record. This can occur when, for example, the plaintiff's failure to exhaust is apparent on the face of her complaint. See Jones v. Mukasey, 565 F. Supp. 2d 68, 74 (D.D.C. 2008). If, on the other hand, a motion for judgment on the pleadings presents "matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The Department relies on factual material outside the pleadings here. Its arguments regarding exhaustion depend on an affidavit from a Department EEO specialist stating that Savage did not contact the EEO office within 45 days of several allegedly unlawful actions, as would be required to properly exhaust her administrative remedies under Title VII with respect to those claims. Def.'s Mot. Dismiss or for Judgment on Pleadings Ex. A. So while Rule 12(h) does allow a defendant to move to dismiss for failure to state a claim on the eve of trial, the Department's reliance on factual material outside the pleadings brings its defense of failure to exhaust outside the ambit of failure to state a claim and, consequently, outside the ambit of Rule 12. That Rule's more permissive waiver provisions are inapplicable.

Instead, what the Department has filed is *in effect* a long-overdue, successive motion for summary judgment. See Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30

3

days after the close of all discovery."). The Department has offered no reason that would support allowing the motion so late and, relatedly, would allow the court to consider the defense of failure to exhaust preserved. The Court will therefore deny the Department's motion. It considers waived any defense that Savage failed to timely exhaust her administrative remedies with respect to her claims that survived summary judgment.[1]

*2. Motion in limine.* In opposing summary judgment, Savage filed an affidavit from William Porter, another former Department employee. The Court relied on this affidavit in denying summary judgment with respect to several of Savage's retaliation claims. At summary judgment, the Court focused on a portion of his affidavit describing the behavior of Savage's supervisor, John ("Jay") Petillo, toward Savage shortly after she spoke with an investigator about Porter's own EEOC complaint. See Pl.'s Opp'n Mot Summ. J. Ex. 8, ¶¶ 7, 10.

The affidavit also contains testimony about Porter's own treatment within the Department's Office of Financial Planning & Analysis—the same office that Savage worked in. Porter, also African-American, claims that he (like Savage) was denied a transfer out of his division, while at least one white employee (Brian Sparry) was granted such a transfer. Id. ¶¶ 14, 29–30. Porter's immediate supervisor, David Dolinsky, formally denied his transfer request. But Porter's affidavit and other materials in the record suggest that his higher-level supervisor—Petillo—also had a hand in the decision. See ECF No. 133-1, at 10–11 (email from Petillo declining Porter's request to be reassigned out of the building and to report directly to Petillo); id. at 12 (email from Dolinsky to Porter "concur[ring]" in Petillo's decision).

---

[1] The Court need not reach Savage's argument that the Department also waived the defense by not explicitly raising it in its answer.

4

Leading up to trial, the government filed a motion in limine seeking to exclude Porter's testimony from trial. In a minute order dated June 21, 2018, the Court denied the government's motion in limine insofar as it sought to exclude *all* of his testimony. The Court reserved judgment, however, on the aspect of the motion seeking to exclude Porter's testimony about his treatment while at the Department. As the Court explained, Porter's testimony at trial will be limited "to (1) his direct knowledge of Plaintiff's treatment by her supervisors[2]; and (2) the Department's denial of his transfer request, but only to the extent that evidence of that denial is relevant to Plaintiff's claim and not unduly prejudicial." Minute Order (June 21, 2018). Whether his testimony on the latter point is admissible depends on the degree to which his experience was factually analogous to the plaintiff's. Relevant factors include "whether the alleged discriminatory behavior by the employer is close in time to the events at issue in this case; whether the same decision-makers were involved; whether the witness and the plaintiff were treated in a similar manner; and whether the witness and the plaintiff were otherwise similarly situated." See Barnett v. PA Consulting Group, Inc., 35 F. Supp. 3d 11, 22–23 (D.D.C. 2014).

The Court instructed the parties to file supplemental pleadings on this issue. Largely for the reasons stated in Savage's supplemental pleading (ECF No. 141), the Court will allow Porter to testify about his purported denial of a transfer out of his division. The record supports that the two employees were denied transfers at most just over a year apart—a timespan that, while not particularly close, does not itself defeat Porter's testimony. Compare id. (citing Porter's April 23, 2010 email request), with Memo. Op., ECF No. 108, at 3 (describing Petillo's denial of Savage's informal request made in March 2009). And, again, while Petillo may have played a more

---

[2] The Court clarifies that Porter's testimony on this score will be limited to his personal observations of Savage's supervisors' treatment of her in response to her EEO activity.

immediate role in denying Savage's requested transfer than for Porter's, the parties' submissions support that he was a decisionmaker in both cases. See ECF 133-1, at 2, ¶ 8–9 (Petillo affidavit).

Porter's testimony must be limited, however, to aspects of his alleged denial of transfer that are reasonably attributable to *Petillo*. There is no evidence that Dolinsky played a role in Savage's transfer, so any testimony related to Dolinsky's treatment of Porter (other than as background) is simply irrelevant.

\*     \*     \*

For those reasons, it is

**ORDERED** that the Department's motion to dismiss or, in the alternative, for judgment on the pleadings (ECF No. 128) is DENIED. It is further

**ORDERED** that the Department's motion in limine (ECF No. 112) is DENIED.

**SO ORDERED.**

                                                                                                    _____
                                                                                                    CHRISTOPHER R. COOPER
                                                                                                    United States District Judge

Date: July 19, 2018